IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Moses Wilkerson, #16723-056, ) | C/A No. 8:16-2303-TMC-JDA |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Warden of FCI-Williamsburg, ) | |
| Respondent. ) | |

Robert Moses Wilkerson ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner incarcerated at FCI Williamsburg in Salters, South Carolina. He brings this action relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and he contends that a portion of his conviction and sentence is now unconstitutional. The Petition should be summarily dismissed without prejudice.

## **BACKGROUND**

Petitioner alleges the following. He was sentenced on September 2, 1997, in the United States District Court for the Eastern District of North Carolina, Case 5:96-cr-167. [Doc. 1-2.] He "was given 45 years 5+20+20 based on his conviction of a crime of violence.[1] . . The life sentence portion of his sentence is not an issue here . . . [he] would ask the court to simply focus on the 924(c) portion of this sentence." [Doc. 1.] He contends that 18 U.S.C. § 924(c) requires a higher prison sentence whenever a defendant uses a

---

[3]As the Court explains below, Petitioner was actually convicted of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1) and using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 2, 3, and 8).

firearm during a "crime of violence" and the residual clause part of the definition of "crime of violence" is now unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). [*Id.*]

He contends that the savings clause found in 28 U.S.C. § 2255(e) permits him to bring this action pursuant to § 2241. [*Id.*] And, he alleges "numerous defendants in numerous circuits are being granted and being allowed to further explore the unconstitutionally vague similar residual clauses in various areas in the guidelines and statutes;" thus, this Court should permit him to bring this action. [*Id.*]

Petitioner contends that on May 15, 2006, he filed an unsuccessful motion pursuant to 28 U.S.C. § 2255. [Doc. 1-2.] And, he contends that he recently requested permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition pursuant to 28 U.S.C. § 2255, and the Court of Appeals denied it on June 16, 2016. [*Id.*]

Specifically, Petitioner seeks to test the legality of his detention and explore the *Johnson* issue. [*Id.*]  He alleges that (1) the residual clause found in § 924(c) is unconstitutional; and (2) his "§ 924(c) portion of sentence is in excess of the maximum authorized by law." [*Id.*] He seems to allege that his 45 years was in excess of the maximum now authorized by law and other similarly situated defendants received 5 to 10 year sentences for this type of offense. [*Id.*]

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

This Court takes judicial notice that Petitioner was convicted by a jury in the United States District Court for the Eastern District of North Carolina of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1) and, contrary to his allegation about a crime of violence, using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 2, 3, and 8). *See United States v. Wilkerson*, 173 F.3d 427 (4th Cir. 1999); *see also Philips v. Pitt Cnty.*

*Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). He received a life sentence on Count 1. *United States v. Wilkerson*, 173 F.3d 427 (4th Cir. 1999). On direct appeal, after Petitioner challenged his Count 2 conviction of using or carrying a firearm on June 6, 1992, during and in relation to a drug trafficking crime, the Court of Appeals found that the evidence was sufficient to convict him. *Id*. Also, on direct appeal, Petitioner challenged his life sentence on Count 1 and the consecutive sentences on Counts 2, 3, and 8, but the Court of Appeals affirmed the sentence. *Id*.

Further, this Court takes judicial notice that Petitioner unsuccessfully filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. *See* Order, *Wilkerson v. United States*, Case No. 5:96-cr-167-1H (E.D.N.C. May 15, 2006), ECF No. 151. The sentencing court found that Petitioner's motion was untimely. [*Id.*[ And, that court noted that,

> petitioner was convicted by a jury of conspiracy to distribute and possess with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 846, and using and carrying a firearm *during and in relation to a drug trafficking crime*, in violation of 18 U.S.C. § 924(c). This court sentenced petitioner to a term of life imprisonment plus 45 years, to be served consecutively.

[*Id.* (emphasis added).]

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a

4

sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5; *see also Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *1 (D.S.C. May 11, 2006) (A § 2241 petition generally challenges the execution or implementation of a federal prisoner's sentence, such as "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807.[2]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

---

[3]"[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

5

In the instant case, because Petitioner seeks to vacate the § 924(c) portion of his conviction and sentence, he cannot proceed in this Court unless the savings clause is satisfied. While it is true that subsequent to Petitioner's direct appeal and first § 2255 motion the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), that does not help Petitioner because the holding is inapplicable to his particular case. As explained in the direct appeal decision and the § 2255 decision, Petitioner was convicted of several violations of § 924(c)—the drug trafficking portion, § 924(c)(2).[3] This section of § 924(c) does not have a residual clause. *See United States v. Gibson*, Cr. 3:08-1057-CMC, 2016 WL 3552008, at *2–3 (D.S.C. June 30, 2016) (explaining that the *Johnson* holding has no effect on convictions for § 924(c) based on drug trafficking crimes), *appeal pending*. Therefore, this Court need not decide whether the residual clause in § 924(c)(3) related to a crime of violence was invalidated by *Johnson* because Petitioner was not convicted under that section. In other words, based on judicial notice of court records, Petitioner does not plausibly allege that the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal; thus, the savings clause is not satisfied. Accordingly, because Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, the instant Petition is subject to summary dismissal.

---

[3] For some reason, Petitioner did not mention what conviction his life sentence was tied to (21 U.S.C. § 846).

6

## **RECOMMENDATION**

It is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**


August 11, 2016                                                         S/Jacquelyn D. Austin
Greenville, South Carolina                                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).